**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**MARGARET CREQUE, Defendant**

Civil No. 13438/1986

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 21, 1986

CHRISTIAN, *Judge*

126

## OPINION AND ORDER

The issue before the Court is whether a person as defined in Section 41, Title 1 of the Virgin Islands Code, who enters into a long-term lease/purchase agreement, as lessor/seller with a lessee/purchaser for the lease and/or purchase of an automobile is a licensee charged with the responsibilities set forth in 20 V.I.C., Chapter 38, and more specifically with the responsibility to provide insurance as prescribed by § 418 id. Our answer to that question is no.

I

On January 3, 1968, the Legislature enacted Chapter 38 of Title 20 of the V.I. Code, which it titled "Regulation of Car Rental Business". Defendant, Margaret Creque, is the President of Community Motors, Inc., a duly licensed domestic corporation engaged principally in the business of selling cars ("the Company"). As an accommodation to its customers, the Company, not the named defendant, Margaret Creque, leased some of its vehicles on a long-term basis with options to buy. In May 1984, the Company, not Margaret Creque, the named defendant in the traffic citation, entered into a lease agreement ("the Agreement") with Sea Tech., Ltd. ("the Lessee"), wherein the Company leased a 1984 Suzuki automobile (sale price $8,214.73) for 36 months at $275.00 per month. In addition to providing that the lease is for 36 months, payable on a monthly basis (Paragraph 2 of the Agreement), the Agreement provides that the vehicle may be operated for 6000 miles a year without additional charge, but if that limit is exceeded Lessee shall be obligated to pay 10¢ for each additional mile operated (Paragraph 2 of the Agreement); that the vehicle will be operated principally and garaged in the U.S. Virgin Islands (Paragraph 3 id); that Lessee has deposited $1,000.00 as security for Lessee's performance of all the obligations imposed on it by the Agreement (Paragraph 4 id); that Lessee shall be responsible for all maintenance and repairs to the vehicle as these are described in the Agreement (Paragraph 5 id); that Lessee shall be responsible to purchase, for the benefit and protection of Lessor and Lessee, as their respective interests shall appear, third party liability insurance, as follows: (A) Bodily Injury Liability $100,000/$300,000, (B) Property Damage Liability $50,000, (C) Collision Damage to vehicle (deductible) $250.00 (which is second party coverage), and (D) Comprehensive Fire and Theft (deductible) $100.00; that if the

127

Lessee fails to purchase the required insurance and the Company elects not to purchase same, the Agreement shall terminate forthwith (Paragraph 6 id); and that Lessee shall have the option to terminate the Agreement at any time, if it is not in default, and simultaneously exercises its option to buy the automobile on terms stipulated in the Agreement. (See "Motor Vehicle Open End Purchase Option Rider" executed by the parties on May 25, 1984.)

On or about August 18, 1986, a traffic Ticket ("the Ticket") was issued, not to the Company, who leased the car, but to Margaret Creque c/o Community Motors, not even c/o Community Motors, Inc., for an alleged violation of 20 V.I.C. § 418, for failure to procure liability insurance mandated by that section, on the ground that the insurance on the vehicle, which was bought by the Lessee, expired as of May 23, 1986, and notwithstanding that fact the vehicle was being operated on the public highway.

## II

■ If there were any merit to the Government's case, i.e., if 20 V.I.C. § 418 were violated in the fact situation of this case, the proper party to cite is not the named defendant, Margaret Creque, but the Corporation, who would be the Licensee as defined in 15 V.I.C. § 415 and 1 V.I.C. § 41. On that ground alone we would have no alternative but to grant defendant's motion to dismiss.

But assuming, arguendo, that the Government can overcome the improper-party-charged obstacle, was 20 V.I.C. § 418 violated in the light of the fact situation of this case? 20 V.I.C., Chapter 38 of the Virgin Islands Code, which embodies § 418 cited in the Ticket, was enacted on January 3, 1938. The Chapter is entitled "Regulation of Car Rental Business". The Chapter defines Car Rental Business as "the business or practice of renting or otherwise providing cars to other persons for value", 20 V.I.C. § 415. "Drive-yourself car" is defined as:

> Any passenger-carrying automobile or station wagon rented, or available for rent, to a person for value (whether (1) such value is in the nature of a specific rate or fee for the use of such car, or (2) such car is provided as incidental to the use, or as a part of the cost for the use, of any hotel, motel, guesthouse, or any other tourist facilities), with the intent that such person, or his designee, will operate it on the highways of the Virgin Islands. Id.

Additionally, throughout the Chapter the terms "rental vehicle" and "drive-yourself car" are used, not "automobiles" in general. It is well known that locally "rent" is understood to mean a transaction with a term of short duration, usually not longer than a calendar month, while the term "lease" is understood to mean a transaction of much longer duration. 1 V.I.C. § 42.

It is clear from these definitions, and particularly subdivision (2) of the definition of "Drive-yourself car" above that the intention of the Legislature when it enacted Chapter 38 was not to regulate long-term leases of vehicles such as is the case here, but only short-term rentals of vehicles to transients and residents, but particularly to the former.

Furthermore, in addition to the well-known fact that it is never within the intendment of the parties that a "rental car", or a "drive-yourself car" to transients and residents, as such term is understood locally both as of the time of the enactment of Chapter 38, and at the present time, to be leased for as long as 36 months, none of the provisions set forth in Paragraphs 2 through 6 of the Lease/Purchase Agreement, as listed in the facts above, individually or as a whole, are characteristic of the Car Rental Business.

Defendant contends that while the Legislature repealed the compulsory insurance law in 1985, it did not see fit to repeal the compulsory insurance requirement for regulation of the car rental industry as proscribed by Chapter 38 of Title 20 of the Code, the probable reason being that the Legislature recognized a greater need for insuring compensation to persons injured through the negligent operation of motor cars where nonresident, short-term renters with no island driving experience are involved. We agree.

Defendant further contends persuasively that upon the sale of a vehicle, even where the seller retains some lien or interest in the vehicle for security purposes, whether this be to insure payment of the balance of the purchase price or other reason, the owner's obligation to insure ceases when the sale is consummated.

Defendant also argues that the requirement of 20 V.I.C. § 418, which provides that a person lawfully engaged in the car rental business in the Virgin Islands shall procure liability insurance for the rented car can be complied with by that person entering into an agreement with someone else to comply with the direction of the statute; that upon making such an agreement or arrangement for performance of his legal duty by another, that person has no further responsibility under the law. We disagree.

Whether the person on whom the law imposes an obligation elects to perform that legal duty in person or vicariously, he continues to be responsible before the law for its adequate performance. In such a case, there can be no absolution by delegation. Further, Chapter 38 of Title 20 being a restrictive and penal statute even if a case within the purview of Chapter 38 were brought, e.g., where the rental was for a short term as heretofore explained, if any automobile other than a motor car were involved, the case would be vulnerable to an attack by a motion to dismiss, for nowhere in Chapter 38 is there a clear, definite and certain reference to any other type of automobile, e.g., trucks, heavy equipment, motorcycles, motor scooters, etc. Section 423(b), Chapter 38, Title 20 V.I. Code provides:

> Any person who rents a drive-yourself car to another person without the required registration license and license plates or who violates any other provisions of this chapter, or of any rules and regulations issued pursuant thereto, for each violation shall be subject to a fine of not more than $500 or revocation of the licensee's business license, or both.

It is well settled that restrictive and penal statutes shall be strictly construed, that such construction should neither narrow nor broaden the conduct, whether commission or omission, which is proscribed and penalized by the statute as a crime, that such laws are to be interpreted strictly against the prosecution and liberally in favor of the accused, and that in interpreting and applying the statute, the Court's discretion is limited, that it must enforce the statute precisely according to its language, 50 Am. Jur. 407.

### III

In sum, we hold that the wrong party defendant was cited in the traffic ticket. The correct party to cite was "Community Motors, Inc.", the Lessor. Secondly, we hold that even if the correct party were cited, Chapter 38 of Title 20 has no application to transactions of the class which transpired in this case.

### IV

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED.